This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39773**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CURTIS ABEYTA,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Patrick J. Martinez
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him of aggravated burglary, aggravated assault with a deadly weapon, criminal damage to the property of a household member, and larceny. Unpersuaded that Defendant demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support each of his convictions. Our notice set forth our understanding of the evidence presented, analyzed the evidence for its legal adequacy, and proposed to conclude that the State

presented sufficient direct and circumstantial evidence from which the jury could draw reasonable inferences and determine that all the elements of the offenses were established. *See State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (stating that when assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict" (internal quotation marks and citation omitted)); *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (explaining that after viewing the evidence in this manner, "[w]e then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction" (internal quotation marks and citation omitted)).

{3}     In response to our notice, Defendant does not dispute our recitation of the evidence or the standard of review, but seems to contend that more direct evidence was needed to establish various elements of the crimes, mostly surrounding his intent and what his actions caused Ms. Martinez to believe. [MIO 7, 9-11, 12-3] In our view, Defendant's arguments underrepresent the breadth of the direct and circumstantial evidence from which the jury could draw reasonable inferences to make the requisite findings as to his actions, intent, and Ms. Martinez's beliefs.

{4}     As a result, we are not persuaded that Defendant has demonstrated error of law or fact. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. For the reasons stated in our notice and in this opinion, we hold that sufficient evidence supports Defendant's convictions and affirm the district court's judgment and sentence.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**